# Follansbee *versus* Walker.

1. An attorney who has opened his client's case and cross-examined witnesses is a competent witness for the client.

2. Coal was ordered by defendant in the name of a firm, and received by him; judgment was recovered by the vendors against the firm for the coal; it was paid by one of the firm. *Held*, that he could not recover in his own name against the defendant, but must sue in the firm name.

3. Frear *v.* Drinker, 8 Barr 520, remarked on.

October 25th 1872. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.

Error to the Court of Common Pleas of *Erie county:* of October and November Term 1872, No. 9.

This was an action of assumpsit brought April 3d 1869, by John W. Walker against H. N. Armstrong and Joshua Follansbee, trading as H. N. Armstrong & Co. The declaration was in the common counts.

The plaintiff's claim, filed in the name of the plaintiff alone, is as follows:

"1867.

Nov. 1.—To quantity of coal sold and delivered by
plaintiff to defendants at the agreed price of - $2300.00
    To one-half rent of office and yard one year - 125.00
    To one-half rent of horses and wagons 6 months   50.00
                                                    ————————
                                                     $2475.00

[Follansbee v. Walker.]

1869.

Apr. 2.—Judgment in the Erie Common Pleas, &c., G. R.
          Wilson & Co. v. John W. Walker and H. N.
          Armstrong, and paid by plaintiff in above
          suit, J. W. Walker    -     -     -     - $531.64
          Costs in said suit    -     -     -     -   28.11
                                                    ─────────
                                                    $3034.75

Follansbee appeared and pleaded "Non assumpsit."

There was no appearance or plea for Armstrong.

The case was tried, February 3d 1871, before Wetmore, P. J.,
when it appeared that the plaintiff and H. N. Armstrong, one of
the defendants, during the year 1866 and until the 1st or 18th of
November 1867 (as to which day the evidence was conflicting)
were partners, under the firm of Walker and Armstrong, and held
a lease for ten years of a coal-yard, office, &c., in the city of Erie. On
one of those days the firm of Walker & Armstrong sold to Follans-
bee one-half the interest of the firm property. Follansbee and
Armstrong continued in business under the firm name of H. N.
Armstrong & Co.

There was evidence that on the 8th and 21st of November 1867
orders for coal in the name of Walker & Armstrong were drawn on
Wilson & Co., of Buffalo, and the coal ordered was shipped to
"Walker & Armstrong," by Wilson & Co.; that the coal had been
ordered by Armstrong, in the name of "Walker & Armstrong,"
after the dissolution of that firm, and that it had been received by
H. N. Armstrong & Co. The firm of Walker & Armstrong was
sued by Wilson & Co. for the coal and a judgment recovered which
was paid by Walker.

On the trial, A. J. Foster, Esq., the attorney for defendant,
Follansbee, was offered as a witness for him. Mr. Foster had
opened the case for the defendant and examined witnesses on his
behalf.

Mr. Foster was objected to by the plaintiff as incompetent for
these reasons; he was rejected by the court and a bill of excep-
tions sealed for the defendant.

The defendant's 3d point was:—

The plaintiff cannot, in this action, recover the money he
paid in discharge of the judgment of Wilson & Co. v. Walker &
Armstrong, and D. D. Walker against the same, there being no
evidence of any promise or assumption by H. N. Armstrong & Co.
to repay the same to plaintiff.

The answer was:—

"If the coal was received by H. N. Armstrong & Co. and used
by them on an order made by Walker & Armstrong before the
formation of the firm of H. N. Armstrong & Co., and Wilson & Co.
sued Walker & Armstrong and recovered a verdict for the amount

of the coal so received, and John W. Walker paid the amount of the verdict, he can recover the same in this suit."

The verdict was for the plaintiff for $653.12.

The defendant took a writ of error and assigned for error the rejection of Mr. Foster and the answer to defendant's 3d point.

*W. Benson* (with whom were *A. J. Foster* and *E. Babbitt*), for plaintiff in error.

*J. C. Marshall* (with whom was *F. F. Marshall*), for defendant in error.

The opinion of the court was delivered, January 6th 1873, by

READ, C. J.—On the trial of this case A. S. Foster, Esq., was offered as a witness on the part of the defence, objected to by the plaintiff's counsel, and rejected by the court for the following reason : " Mr. Foster is attorney for the defendant Follansbee, opened the case for him to the jury and examined the witnesses for said defendant, and the court on this ground excludes him as a witness." This is assigned for error.

In Frear *v.* Drinker, 8 Barr 521, Mr. Justice Rogers says : " It is also contended an attorney is not a competent witness for his client. In England it has been lately ruled that an attorney is not to give evidence under certain circumstances." He cites two cases before Mr. Justice Patteson and Mr. Justice Erle, and he says, " The furthest the court has yet gone is to discourage the practice of acting in the double capacity of attorney and witness, but there is nothing to prohibit an attorney from being a witness for his client when he does not address the jury."

" It is said, and I agree, that it is a highly indecent practice for an attorney to cross-examine witnesses, address the jury, and give evidence himself to contradict the witnesses. It is a practice which, as far as possible, should be discountenanced by courts and counsel. But these cases are not open to this objection, because it appears negatively, that the counsel did not address the jury. It is sometimes indispensable that an attorney, to prevent injustice, should give evidence for his client." In the earlier cases in Pennsylvania, the objection to the examination of the attorney in the cause was his interest in it, as in the case of the late Judge Baldwin in Miles *v.* O'Hara, 1 S. & R. 32, in 1814. In the first case, Newman *v.* Bradley, 1 Dallas 240, in the year 1788, Howell, who was of counsel for the plaintiff, gave the chief evidence to support the action, and he and Tod argued the cause before the jury, and there was a verdict for the plaintiff. " When Howell offered himself as a witness Levy objected, that he was interested, inasmuch as his judgment fee depended on his success in the cause. But the objection was overruled by the court."

[Follansbee v. Walker.]

The two English cases cited by Judge Rogers have since been overruled. Pitt Taylor, in the 2d volume of his Treatise on the Law of Evidence, p. 1170, sec. 1240, 4th edition, thus states the law: "The judges at Nisi Prius were at one time inclined to regard as *incompetent to testify* all persons, whether counsel, attorneys or parties, who being engaged in a cause had actually addressed the jury on behalf of that side on which they were afterwards called upon to give evidence. Further investigation of the subject, however, has led to a judicial acknowledgment that no such practice exists." The authority for this, Cobbett v. Hudson, 22 L. J. Q. B. 11, 1852, the judgment of the court (of which Mr. Justice Erle was one) being delivered by Lord Campbell, C. J.

The question may therefore be considered as settled in England and Pennsylvania, and also in Massachusetts: Potter v. Inhabitants of Ware, 1 Cushing 519. There was therefore error in holding Mr. Foster was not a competent witness.

The paper-books on both sides speak of testimony, and argued upon it, without printing the evidence on which the remarks are based, which obliges us to disregard what might otherwise be of importance.

The answer of the court to the third point appears to be open to the technical objection that the plaintiff could not recover in his own name, but must use the name of the firm of Walker & Armstrong.

　　　　Judgment reversed, and *venire de novo* awarded.