## Fogg's Estate.

*Evidence — Statements to attorney — Confidential communications.*

1. Where an attorney has served simply as an intermediary between the widow and daughter of an intestate decedent, in the settlement of a dispute regarding decedent's real estate, he may testify as to the terms of the agreement made between the parties in proceedings by the daughter subsequent to the mother's death to recover a part of the rental value of such real estate from her deceased mother's estate. Such evidence is not open to the objection that it would be a disclosure of confidential communications.

2. Where in such case it appeared that the widow had occupied the property after her husband's death under a family arrangement between herself and her daughter which gave the widow the occupancy of the property rent free during her life, the Orphans' Court made no error in disallowing the claim.

Argued Feb. 3, 1915. Appeal, No. 382, Jan. T., 1914, by Pauline S. F. Johnston, from decree of O. C. Montgomery Co., May T., 1914, No. 23, dismissing exceptions to adjudication in estate of Cordelia B. Fogg, deceased. Before BROWN, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to adjudication. Before SOLLY, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions. Pauline S. F. Johnston appealed.

*Error assigned,* among others, was in dismissing the exceptions.

*Winfield S. Walker,* for appellant.—The communications made by Mrs. Johnston to the witness, Lockwood, in the absence of her mother, as to the mother's occupancy of the premises, rent free, were privileged communications and inadmissible: Kaut v. Kessler, 114 Pa. 603; Moore v. Bray, 10 Pa. 519; Miller v. Weeks, 22 Pa.

89; Thomas v. Herring, 244 Pa. 550; Surface v. Bentz, 228 Pa. 610; Beltzhoover v. Blackstock, 3 Watts 20; Brown v. Moosic Mountain Coal Company, 211 Pa. 579.

*Frank P. Prichard,* for appellees, cited: Gulich v. Gulich, 39 N. J. Eq., 516; Brown v. Moosic Mountain Coal Co., 211 Pa. 579.

OPINION BY MR. JUSTICE STEWART, April 12, 1915:

Evan F. Fogg, father of this appellant, died intestate, seized of his homestead and several other pieces of real estate. He left surviving him a widow, Cordelia B. Fogg, and the appellant, an only child, to whom the real estate descended subject to the statutory dower of the widow. After the death of Evan F. Fogg, the widow and daughter continued in the occupancy of the homestead until the marriage of the latter in November, 1906, when, having established another home, she withdrew leaving the widow in sole occupancy. The widow died 2d March, 1913, and her estate is now for distribution under her last will. Appellant presented before the auditing judge a claim against the widow's estate for two-thirds of the net rental value of the homestead for a period of six years and two months, the length of time during which the homestead was in the exclusive occupancy of the widow. The auditing judge found as a fact that the widow had continued in the occupancy of the property under a family arrangement that was effected between herself and daughter, about two years after the father's death, which gave to the widow the occupancy of the property, rent free during her lifetime. He accordingly disallowed the claim. The appeal is from this adverse adjudication and raises but a single question, namely,—is the finding of the court above recited supported by competent evidence? The evidence was both direct and inferential; the former is attacked as incompetent, the latter as insufficient. The direct evidence is to be found in the testimony of Chas.

L. Lockwood, Esq. · If the witness was competent, his evidence not only sustains the court's finding, but, if believed, as it was, it establishes the fact beyond all question. The witness, a reputable member of the bar, was counsel in connection with the settlement of the estate of Evan F. Fogg, the husband and father respectively of these parties. He testified that he regarded himself as attorney of both mother and daughter; in other words, as the family attorney. It had appeared by other evidence in the case that the separation between mother and daughter occurred because the mother disapproved of the daughter's marriage. Mr. Lockwood testified that, as to the matter of the widow's occupancy of the homestead, he served simply as an intermediary between the parties; that the mother had expressed herself to him as feeling that she was entitled, because of service she had rendered to hold possession of the property; that he had communicated this to the daughter who called to see him in his office with respect to the matter; that he then visited the mother and told her what the daughter had said in reply; that the arrangement finally concluded was that the mother was to have the property rent free, during her life, the daughter saying that it was "all right, that she would never make a claim." The admission of this testimony was objected to on the ground that it would be disclosure of a confidential communication, and that the testimony did not bring mother and daughter present together when the statements testified to were made by either. The objection overlooks the fact that what was said by either was said with a view to having it repeated to the other, and what was thus said, however confidential as to the rest of the world, was not confidential as between themselves. Nor were these communications of such character as to fall within the protecting rule. They were not made to the witness in his professional capacity as lawyer, but rather to one standing in friendly relation to both parties and whose services, whether sought or voluntarily offered,

were simply to bring parties between whom there was no direct intercourse to a common understanding and agreement. His testimony was merely to the effect that such agreement was reached and its terms; and in relating these, he was telling just what each party for whom he was acting authorized him to tell the other. The rule governing such cases is thus stated by Mr. Wharton in his work on Evidence, Vol. I, Sec. 587, "It is easy to conceive of cases in which two or more persons address a lawyer as their common agent. So far as concerns a stranger their communications to the lawyer would be privileged. It is, otherwise, however, as to themselves, as they stand on the same footing as to the lawyer; either would be competent to testify against the other as to the negotiations." We entertain no doubt whatever that the direct evidence in the case was entirely competent, and, as we have already said, it abundantly supports the finding of the court as to the agreement. It follows that the indirect evidence does not call for discussion. We have, however, given it careful consideration, and find it so indicative of a family settlement and agreement, that did the finding of the court rest on it exclusively, we would not feel free to disturb it. The assignments of error are overruled and the judgment is affirmed.