## Otto Will.

Argued March 23, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

206

*George O'Dougherty,* with him *Fred J. Fees* and *John P. Jordan,* for appellant.

*J. Harrison Westover,* for appellee.

OPINION BY MR. CHIEF JUSTICE MAXEY, April 10, 1944:

This is an appeal from the decree of the Orphans' Court of Cambria County dismissing the appeal from a decision of the Register of Wills in admitting to probate a paper purporting to be the last will and testament of Anastasia Otto, and refusing an issue d. v. n.

The issues raised were the testamentary capacity of the decedent and whether or not the will was procured by fraud, undue influence and duress. The court below held that the evidence offered by the contestant was not sufficient in law to warrant the granting of an issue. We agree with this.

One of the subscribing witnesses to the will in question was J. Harrison Westover, a member of the bar. He was also a witness in this case and he represented the respondent in the court below and argued the case for the appellee in this court. For an attorney to appear as both a witness and an advocate in the trial of a case or in the argument of a case or appeal, is a practice which we condemn. An attorney who does this, except in those rare instances where an adverse party puts him on the stand as a witness, commits a breach of good professional taste, as this court pointed out in *Smith, to use, v. Smith,* 294 Pa. 347, 144 A. 290. The 19th canon of Professional Ethics, adopted by the American Bar Association on

August 27, 1908 (Vol. 49 of the Reports of the American Bar Association, p. 749), reads as follows: "When a lawyer is a witness for his client, except as to merely formal matters, such as the attestation or custody of an instrument and the like, he should leave the trial of the case to other counsel. Except when essential to the ends of justice, a lawyer should avoid testifying in court in behalf of his client."

We find in this record no reason to reverse the decree of the court below.

The decree is affirmed on the opinion of President Judge NELSON, costs to be paid by the appellant.