## Tonuci, Appellant, *v.* Beegal.

Submitted September 16, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Samuel Melnick,* for appellant.

*Alexander S. Lipschutz,* for appellee.

OPINION BY ERVIN, J., November 14, 1958:

This is an appeal from the order of the court below opening a judgment entered on a bond and warrant of attorney accompanying a mortgage. On December 16, 1955 the defendant, owner of premises 3935-39 Pine Street, Philadelphia (hereinafter referred to as the "Pine property"), arranged with Samuel Melnick, an attorney, plaintiff's husband, for a loan in the amount of $3,600.00 to be secured by bond and mortgage upon the Pine property. As part of the same transaction and on the same date Melnick entered into a written

agreement with defendant by the terms of which Melnick was to receive the sum of $600.00 for "procuring said sum of $3600. and for other services and undertakings" enumerated in the written agreement. The material part of said agreement is as follows: "Melnick agrees to assume the risk of loss of any balance of principal and interest of said $3600.00, remaining unpaid, and agrees to procure the release of applicant from all personal liability in the event that the real estate be . . . sold by the Sheriff upon a judicial sale, provided the applicant notifies Melnick at least 2 weeks in advance of said sale; . . . ." At the time of the execution of the agreement and the mortgage papers, a cashier's check in the sum of $3,600.00, charged to the account of plaintiff, was delivered to defendant, who endorsed the check and returned it to Melnick. Immediately thereafter Melnick endorsed the check, the check was cashed and Melnick received $600.00 (the consideration stated in the agreement) in cash from the proceeds of the check.

Subsequently defendant defaulted in mortgage payments on the Pine property and on June 7, 1956 judgment was entered against defendant and damages assessed at $4,004.12. On September 13, 1956 plaintiff filed an averment of default and caused a writ of fieri facias to issue against premises 1134 Englewood Street, Philadelphia (hereinafter referred to as the "Englewood property"), of which defendant was the record owner. The effect of the rule to open judgment was to stay the sheriff's sale of the Englewood property scheduled for November 5, 1956.

On September 5, 1956 a judgment against defendant was obtained by the owner of a ground rent on the Pine property and on October 1, 1956 these premises were sold by the sheriff of Philadelphia County. The sheriff's sale of the Pine property was clearly "a judi-

cial sale" within the meaning of the agreement of December 16, 1955 and Melnick had not procured the release of the defendant from "all personal liability" on her mortgage bond.

Under the depositions taken in connection with the rule to open the judgment two main issues evolved: (1) Was Melnick an agent for his wife, the plaintiff, so that his breach of the contract of December 16, 1955 would constitute a defense to the action brought by plaintiff on defendant's bond and warrant? (2) Was Melnick given two weeks' notice of the sheriff's sale of the Pine property, as required by the agreement? The court below decided both of these issues in favor of the defendant.

We are convinced that Melnick made the contract of December 16, 1955 as an agent for his wife. He had a power of attorney from his wife to sign checks on her account in the Cayuga Federal Savings and Loan Association. He actually "signed with the Cayuga Federal" for the amount covered by the $3,-600.00 check. He testified as follows: "Q. All through these proceedings, have you acted as the agent for your wife? A. That's right, I did. Q. And you have acted as her agent in many other transaction? A. That's right. Q. Of a similar nature? A. That's right. . . . Q. But she has given you blanket authority to make whatever deals that you think are to her best interest? A. That's right. Q. And any deals that you approve she goes along with? A. That's right. . . ." He handled all of the details of this transaction and his wife was never present. He could not "procure the release of applicant from all personal liability" on the bond, unless his wife co-operated. We are in accord with the following statement of the court below: "We have every reason to assume that Melnick disclosed to his wife all the details of his transaction

with defendant. As lawyer for, and husband of plaintiff, he was obliged to do nothing less. By Melnick's own testimony his wife approved and consented to his conduct of this and similar transactions."

"Neither husband nor wife by virtue of the relation has power to act as agent for the other. The relation is of such a nature, however, that circumstances which in the case of strangers would not indicate the creation of authority or apparent authority may indicate it in the case of husband or wife. Thus, a husband habitually permitted by his wife to attend to some of her business matters may be found to have authority to transact all her business affairs." Restatement, Agency 2d, §22(b).

The law of Pennsylvania is in accord with the Restatement. See *Sidle v. Kaufman*, 345 Pa. 549, 556, 29 A. 2d 77; *Yezbak v. Croce*, 370 Pa. 263, 267, 268, 88 A. 2d 80; *Croft v. Malli*, 378 Pa. 6, 12, 13, 105 A. 2d 372; *Mitchell v. First National Bank*, 136 Pa. Superior Ct. 467, 472, 7 A. 2d 513.

In the present case, in addition to the marital relationship we also have the relationship of attorney and client as well as the admission by the husband that he has "blanket authority" to make whatever "deals" he thinks would be to his wife's "best interest." He also testified that his wife "goes along" with any "deals" that he "approves." There was ample testimony to support the finding of the court below that the husband was acting in behalf of his wife when he made the agreement of December 16, 1955.

As to the second question, Melnick concedes that he was advised on several occasions of defendant's default upon the ground rent upon the Pine property. Copies of letters from the ground rent owner to defendant were sent to Melnick. The defendant testified that on or about September 8, 1956 she received notice

from the ground rent owner that the Pine property would be sold at sheriff's sale on October 1, 1956 and that upon receipt of the notice she called Melnick on the telephone and told him of the contents of the letter. Melnick testified that he never received the call. A question of credibility then arose, which the court below decided in favor of the defendant. Melnick argues that this was never more than oath against oath and was therefore insufficient to justify the court's action in opening the judgment. This argument fails to take into consideration the testimony of John Davis, a real estate broker who collected the rents from the Pine property, that he "about the Tenth of September 1956" told Melnick that the properties "were up for Sheriff's sale" and would be sold on the next sheriff's sale list. Considering the copies of the letters received by Melnick from the owner of the ground rent, together with the testimony of the defendant and Davis, the court below resolved the question of notice in favor of the defendant. There was ample evidence to justify this conclusion.

In view of our disposition of the two main issues, we deem it unnecessary to consider the question of usury.

As above indicated, the attorney, Samuel Melnick, was the only witness who testified in behalf of the plaintiff. In *Otto Will,* 349 Pa. 205, 211, 36 A. 2d 797, Mr. Chief Justice MAXEY said: "For an attorney to appear as both a witness and an advocate in the trial of a case or in the argument of a case or appeal, is a practice which we condemn. An attorney who does this, except in those rare instances where an adverse party puts him on the stand as a witness, commits a breach of good professional taste. . . ." See also: *Teats v. Anderson,* 358 Pa. 523, 529, 530, 58 A. 2d 31. In any further proceedings in this case we suggest that

other counsel be engaged to represent the plaintiff if her present attorney intends to testify.

Order affirmed.