## Mustacchi v. Mustacchi

*William W. Litke, Litke & Gettig,* for plaintiff.
*Tom I. Gill, Gill, Lederer & Sharp,* for defendant.

CAMPBELL, P.J., November 16, 1966.—Wife-plaintiff, a resident of Centre County, has sued husband-defendant, a citizen and resident of Italy, for a divorce. Pursuant to Pennsylvania Rule of Civil Procedure 4007, plaintiff desires to take the oral depositions of one Bruno R. Pavia, Esq., of Milan, Italy. Mr. Pavia is plaintiff's Italian counsel, and was present at a meeting between plaintiff and defendant in Italy and is prepared to testify to certain admissions made by defendant in the presence of both him and plaintiff. Defendant has filed a motion for a protective order, contending that it is a violation of professional ethics for plaintiff's attorney to testify, and that such violation should not be sanctioned by the court. Defendant cites for his authority a portion of Canon XIX of the Canons of Professional Ethics of the American Bar Association:

"Except when essential to the ends of justice, a lawyer should avoid testifying in court on behalf of his client".

The law is quite clear that an attorney is competent to testify on behalf of his client. If he does so, he should offer to withdraw as counsel from the case. The courts cannot prevent an attorney from being a witness: Frear v. Drinker, 8 Pa. 520 (1848); Follansbee v. Walker, 72 Pa. 228 (1872).

A conversation between an attorney for plaintiff and defendant is not a privileged communication, and the attorney's testimony as to such conversation is admissible where pertinent to the issues: Security Trust Company of Pottstown v. Stapp, 332 Pa. 9 (1938).

Without making an exhaustive search, the following Pennsylvania cases would support the legal principles above set forth: Perry v. Dicken, 105 Pa. 83 (1884); Padelford's Estate, 190 Pa. 35 (1899); Fogg's Estate, 249 Pa. 63 (1915); Boyd v. Kilmer, 285 Pa. 533 (1926); Teats v. Anderson, 358 Pa. 523 (1948).

It is well settled that the practice of an attorney appearing as both a witness and an advocate in the trial of a case is condemned: Otto Will, 349 Pa. 205; Coulter Estate, 406 Pa. 402; Commonwealth v. Scoleri, 415 Pa. 218.

We summarize this matter as follows. An attorney is competent to testify for his client. Normally, he should refrain from doing so unless his testimony is essential to the ends of justice and, if he does so, he should offer to withdraw as an advocate.

We understand, in the instant case, that Mr. Pavia will not act as an advocate in the case.

Since the court at this stage has no knowledge of whether the testimony is essential to the ends of justice, we suggest that the testimony be taken, and if it would appear not to be so or to be incompetent for any other reason, the court could rule thereon prior to the master's hearing.

The court has been informed that defendant's objection to the taking of the testimony of Mrs. Elena Longo in Brussels, Belgium, is now moot and that her testimony will be taken in the United States.

And now, to wit, November 16, 1966, defendant's motion for a protective order is dismissed. An exception is noted and bill sealed for defendant.