# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chambersburg Area School District : 
                               : 
           v.                     :      No. 1359 C.D. 2013
                               : 
Jason J.A. Reed,               :      Argued: June 16, 2014
                               : 
           Appellant      : 

BEFORE:    HONORABLE BERNARD L. McGINLEY, Judge
                HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**          **FILED: August 20, 2014**

Jason J.A. Reed (Requester) appeals from two Orders of the Court of Common Pleas of the 39th Judicial District (Franklin County Branch) (trial court).[1] By Order entered July 10, 2013, the trial court issued findings of fact and conclusions of law holding that the Chambersburg Area School District (District) was not required, pursuant to the Right to Know Law[2] (RTKL), to disclose 19 pages of emails to Requester because the emails were protected by attorney-client privilege, thereby reversing a Final Determination of the Office of Open Records

---

[1] This matter was argued seriatim with Chambersburg Area School District v. Maria Dorsey, ___ A.3d ___ (Pa. Cmwlth., No. 1358 C.D. 2013, filed August 20, 2014).

[2] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101 – 67.3104.

(OOR). By Order entered August 5, 2013, the trial court granted the District's Motion to Quash Requester's "Motion to Supplement the Record Pursuant to Pa. R.C.P. Rules 1017 and 1019" (Motion to Supplement the Record). In accordance with our decision in Chambersburg Area School District v. Maria Dorsey, ___ A.3d ___ (Pa. Cmwlth., No. 1358 C.D. 2013, filed August 20, 2014), we affirm the July 10, 2013 Order, reverse the August 5, 2013 Order, and remand this matter for further proceedings.

The facts and procedural history of this matter are almost identical to Dorsey. On December 5, 2011, Requester filed a RTKL Request with the District seeking the same exact records sought by the requester in Dorsey.[3] (RTKL

---

[3] Requester sought the following documents:

1. All grant proposals and financial requests submitted by the Chambersburg Area School District or any other entity/ies or individual/s for the benefit of or involving the Chambersburg Area School District afterschool program or the "Hip Hop Club" or REACHUSA, Inc.; all responses to such proposals and requests by grantee(s); all responses to such proposals and requests by afterschool programming sponsor(s); and all responses to grantors and sponsors, regarding the grant proposals and financial requests, by Chambersburg Area School District between January 1, 2007 to present;
2. All records, including reports and financial records, between January 1, 2007 to present, involving the Chambersburg Area School District afterschool program, the "Hip Hop Club", REACHUSA, Inc. and all other programs involving the Chambersburg Area School District and Jason Reed;
3. All records, including reports and financial records, between January 1, 2007 to present, involving the Chambersburg Area School District afterschool program or the "Hip Hop Club" or REACHUSA, Inc. and all other programs involving the Chambersburg Area School District and Jason Reed;
4. All documentation submitted to any party between January 1, 2007 to present, by the Chambersburg Area School District or any other entity/ies or individual/s for the benefit of or involving the Chambersburg Area School District afterschool

*(Continued…)*

2

Request, R.R. at 6a.) After the District granted Requester's RTKL Request in part,[4] but denied disclosure of 19 pages of emails based on attorney-client privilege,[5] Requester filed an appeal with the OOR. (Letter from District to Requester (January 9, 2012), R.R. at 8a; OOR Appeal, R.R. at 3a-5a.) The OOR issued a Final Determination on February 14, 2012, without conducting a hearing, granting Requester's appeal, in part, and denying it, in part, and requiring the District to disclose the emails.

The District filed a petition for review with the trial court. (District's Petition for Review, R.R. at 46a-139a.) The District alleged, *inter alia*, that the

---

program, the "Hip Hop Club", REACHUSA, Inc. and all other programs involving the Chambersburg Area School District and Jason Reed; and
5. All records referencing or involving Jason Reed or REACHUSA, Inc..

(RTKL Request, R.R. at 6a.)

[4] The District provided Requester with three letters and a printout from its website of the agenda for the July 11, 2007 regular school board meeting. (Letter from District to Requester (January 9, 2012), R.R. at 8a.)

[5] See Section 708(b)(17)(iv) of the RTKL, 65 P.S. § 67.708(b)(17)(iv) (providing that "[a] record that includes information made confidential by law" is exempt from disclosure). The following four elements are required to establish the attorney-client privilege: (1) that the asserted holder of the privilege is or sought to become a client; (2) that the person to whom the communication was made is a member of the bar of a court, or his or her subordinate; (3) that the communication relates to a fact of which the attorney was informed by the client, without the presence of strangers, for the purpose of securing an opinion of law, legal services or assistance in a legal matter; and (4) that the claimed privilege has not been waived by the client. Dages v. Carbon County, 44 A.3d 89, 92 (Pa. Cmwlth. 2012). Pursuant to Section 708(a) of the RTKL, 65 P.S. § 67.708(a), the District was required to meet its burden that the requested emails were protected by attorney-client privilege by a preponderance of the evidence.

3

emails requested by Requester were not public records because they were privileged attorney-client communications and otherwise protected by the attorney work product doctrine. (District's Petition for Review, R.R. at 47a.) In support of this assertion, the District attached an affidavit from its Open Records Officer setting forth which emails the District believed were privileged attorney-client communications. (District's Petition for Review, Ex. H, Affidavit of Sylvia Rockwood, R.R. at 139a.)

Although Requester's appeal was not consolidated with the requester's appeal in <u>Dorsey</u> the proceedings in the trial court were virtually identical, culminating in the trial court's July 10, 2013 Order reversing the OOR's Final Determination and the August 5, 2013 Order quashing Requester's Motion to Supplement the Record. Notably, as in <u>Dorsey</u>, during the trial court proceedings the District notified Requester, by letter dated April 29, 2013, that it had located additional public records/documents that were responsive to his RTKL Request; therefore, the District provided Requester with a CD-ROM containing 3,591 pages of additional records. (Letter from District to Requester (April 29, 2013), R.R. at 611a.) On June 14, 2013, the District informed the trial court by letter that the reason for the delay in providing these documents to Requester was because the District's interim Open Records Officer had just discovered these documents when the District was conducting discovery in an unrelated federal case brought by Requester against the District.[6] (Letter from District to Trial Court (June 14, 2013), R.R. at 612a-13a.) The District further informed the trial court that it

_____

[6] The federal case brought by Requester involved the same afterschool program, the "Hip Hop Club," which is the subject of Requester's RTKL Request.

4

anticipated that Requester would seek attorneys' fees and costs pursuant to Sections 1304[7] and 1305[8] of the RTKL; however, the District stated that it did not willfully withhold the additional documents and that the documents were provided immediately upon discovery. (Letter from District to Trial Court (June 14, 2013), R.R. at 612a-13a.)

---

[7] 65 P.S. § 67.1304. Section 1304 governs court costs and attorney fees and provides as follows:

> (a) Reversal of agency determination.--If a court reverses the final determination of the appeals officer or grants access to a record after a request for access was deemed denied, the court may award reasonable attorney fees and costs of litigation or an appropriate portion thereof to a requester if the court finds either of the following:
>
> > (1) the agency receiving the original request willfully or with wanton disregard deprived the requester of access to a public record subject to access or otherwise acted in bad faith under the provisions of this act; or
> >
> > (2) the exemptions, exclusions or defenses asserted by the agency in its final determination were not based on a reasonable interpretation of law.
>
> (b) Sanctions for frivolous requests or appeals.--The court may award reasonable attorney fees and costs of litigation or an appropriate portion thereof to an agency or the requester if the court finds that the legal challenge under this chapter was frivolous.
>
> (c) Other sanctions.--Nothing in this act shall prohibit a court from imposing penalties and costs in accordance with applicable rules of court.

Id.

[8] 65 P.S. § 67.1305(a). Section 1305(a) provides for a civil penalty of not more than $1,500 if access to a public record is denied in bad faith.

Requester now appeals the trial court's July 10, 2013 and August 5, 2013 Orders to this Court. The issues raised and the arguments advanced by the parties in this appeal are substantially the same as those set forth and disposed of by this Court in Dorsey. Accordingly, for the reasons set forth in that decision, the trial court's July 10, 2013 Order denying Requester access to the 19 pages of emails that are exempt from disclosure based on attorney-client privilege is affirmed. The trial court's August 5, 2013 Order granting the District's Motion to Quash Requester's Motion to Supplement the Record is reversed. This matter is remanded for the trial court to reconsider Requester's Motion to Supplement the Record and for a determination as to whether the District made a good faith effort to locate responsive records at the time Requester made his RTKL Request.

_____
**RENÉE COHN JUBELIRER, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chambersburg Area School District    :
   :
      v.    :    No. 1359 C.D. 2013
   :
Jason J.A. Reed,    :
   :
      Appellant    :

# **O R D E R**

**NOW**, August 20, 2014, it is hereby **ORDERED** as follows:

1. The Order of the Court of Common Pleas of the 39th Judicial District (Franklin County Branch) entered July 10, 2013 in the above-captioned matter is **AFFIRMED**.

2. The Order of the Court of Common Pleas of the 39th Judicial District (Franklin County Branch) entered August 5, 2013 in the above-captioned matter is **REVERSED**.

3. This matter is **REMANDED** for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

_____
**RENÉE COHN JUBELIRER, Judge**