641 A.2d 1243

SEDAT, INC. et al., Petitioners,

v.

DEPARTMENT OF ENVIRONMENTAL
RESOURCES et al., Respondents.

Commonwealth Court of Pennsylvania.

Argued Feb. 15, 1994.

Decided Feb. 17, 1994.

Publication Ordered May 12, 1994.

Harry F. Klodowski, Jr. and Alan A. Miller, for petitioners.

Michael J. Heilman, for respondent Dept. of Environmental Resources.

Lee J. Calarie, for respondents Kenneth and Ann Miller.

PELLEGRINI, Judge.

Sedat, Inc. (Sedat) and Seven Sisters Mining Co. (Seven Sisters) (collectively Petitioners) seek to compel The Department of Environmental Resources (DER) to produce two memoranda prepared by attorneys in its Office of Chief Counsel for discovery pursuant to Pa.R.C.P. 4003.1.[1]

Sedat is the owner, and Seven Sisters the lessee, of a subterranean coal tract located in Armstrong County. Kenneth J. Fisher and Ann Fisher (Fishers) are the owners of a surface tract covering fifty-one (51) acres of Petitioners' coal reserves. Seeking to mine the coal located in the subterranean tract, Petitioners requested the Fishers to execute a written consent to mine the area to be included in Petitioners' application for a DER mining permit (Supplement C). The Fishers refused, and Petitioners filed an action in the Court of Common Pleas of Armstrong County seeking to compel the Fishers to execute a Supplement C. The trial court dismissed Petitioners' action and Petitioners appealed to the Pennsylvania Superior Court. The Superior Court affirmed, reasoning that pursuant to Section 4 of the Pennsylvania Surface Mining Conservation and Reclamation Act (SMCRA)[2] and DER regulations,[3] no such consent was necessary to obtain a mining permit from DER because the Fishers' deed specifically ex-

---

1. Pa.R.C.P. 4003.1 provides in relevant part:
 (a) Subject to the provisions of Rules 4003.2 to 4003.5 inclusive and Rule 4011, a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . .

2. Act of May 31, 1945, P.L. 1198, *as amended*, 52 P.S. § 1396.4.

3. 25 Pa.Code § 86.64(b) provides:
 (b) The application for a permit shall provide one of the following for lands within the permit area:
 (1) A copy of the written consent of the current surface owner to the extraction of coal by surface mining methods.
 (2) A copy of the document of conveyance that expressly grants or reserves the right to extract the coal by surface mining methods and an abstract of title relating the documents to the current surface land owner.

empted underlying coal reserves from ownership. *Sedat, Inc. v. Fisher*, 420 Pa. Superior Ct. 469, 617 A.2d 1 (1992).

On December 18, 1992, Steven Lachman, an assistant counsel in DER's Office of Chief Counsel authored a memorandum analyzing the Superior Court's decision that was circulated among the attorneys in the DER Office of Chief Counsel. In August, 1993, Petitioners filed an application for a mining permit with DER pursuant to Section 4 of SMCRA that did not have with it a Supplement C executed by the Fishers. DER refused to process the application contending that it was incomplete without an accompanying Supplement C. See 25 Pa.Code § 86.16 (Mandating only complete applications be processed).

Petitioners commenced this action in mandamus seeking to compel DER to process their application without a Supplement C attachment in accordance with the Superior Court's decision in *Sedat, Inc. v. Fisher, supra.* In response to interrogatories propounded by Petitioners requesting identification and production of documents relating to DER's position or application of the *Sedat, Inc. v. Fisher* decision, DER identified two documents:

1) An interoffice legal memorandum authored by Steven Lachman, dated December 18, 1992, described as a "summary of the Superior Court decision and whether it is legally correct or binding upon the Department" and distributed to attorneys within DER's Office of Chief Counsel

2) A June 2, 1992 memorandum authored by DER assistant counsel Joseph Pizarchik in response to a request for legal advice made by Milton McCommons, Chief of the DER environmental Studies Section, addressing whether the decision was binding on DER in Petitioners' application to the Small Operator Assistance Program.

DER refused to produce these documents, contending that they are protected from discovery by the attorney-client privilege and work product doctrine. Petitioners then filed this motion to compel production.

Petitioners contend that the December 18, 1992 memorandum is not protected by the attorney-client privilege because it was not prepared at the request of non-legal DER personnel. It also contends that the Memorandum is not protected work product because Petitioners had not yet made any application for a permit and were not in litigation with DER when the memorandum was written. While Petitioners concede that the June 2, 1993, memorandum comes within both the attorney-client privilege and work product doctrine, they contend that it is nonetheless discoverable as part of DER's adjudicatory decision making process.

The existence of the attorney-client privilege and work product doctrine when attorneys act in their professional capacity for governmental agencies is well established. *Okum v. Unemployment Compensation Board of Review*, 77 Pa. Commonwealth Ct. 386, 465 A.2d 1324 (1983). The issue presented as to the December 18, 1992, memorandum is whether an agency attorney's legal analysis of a court decision when prepared for the use of other agency lawyers without reference to any specific anticipated litigation is protected from disclosure under Rule 4003.3. Rule 4003.3 provides in part:

> Subject to the provisions of Rules 4003.4 and 4003.5, a party may obtain discovery of any matter discoverable under Rule 4003.1 even though prepared in anticipation of litigation or trial by or for another party.... The discovery shall not include disclosure of the mental impressions of a party's attorney or his conclusions, opinions, memoranda, notes or summaries, legal research or legal theories....

Pa.R.C.P. 4003.3. Because the December 18, 1992 memorandum is a legal analysis made by a DER attorney, the issue is whether Pa.R.C.P. 4003.3 requires specific litigation as a condition precedent for the document to be protected work product. Contrary to the Petitioners' contention, unlike the terms of Rule 4003.4 (regarding expert discovery), Rule 4003.3 imposes no such requirement. The Rule's protection of an attorney's mental impressions is unqualified.

The federal courts have similarly employed to some extent the concept of "carry over" work product for attorneys in requests for information under the Freedom of Information Act (FOIA), 5 U.S.C. 552. *Federal Trade Commission v. Grolier*, 462 U.S. 19, 103 S.Ct. 2209, 76 L.Ed.2d 387 (1983). As expressed by Justice Brennan's concurring opinion, the rationale for doing so is that:

> [D]isclosure of work product connected to prior litigation can cause real harm to the interests of the attorney and his client even after the controversy in the prior litigation is resolved. Many Government agencies, for example, deal with hundreds or thousands of essentially similar cases in which they must decide whether and how to conduct enforcement litigation. Few of these cases will be 'related' to each other in the sense of involving the same private parties or arising out of the same historical facts; yet large classes of them may present recurring, parallel factual settings and identical legal and policy considerations. It would be of substantial benefit to an opposing party (and of corresponding detriment to an agency) if the party could work product generated by the agency in connection with earlier, similar litigation against other persons. He would get the benefit of the agency's legal and factual research and reasoning, enabling him to litigate 'on wits borrowed from the adversary.' [citation omitted] Worse yet, he could gain insight into the agency's general strategic and tactical approach to deciding when suits are brought, how they are conducted, and on what terms they may be settled.

462 U.S. at 30–31, 103 S.Ct. at 2216, 76 L.Ed.2d at 397–98. See also D. Christopher Wells, *Attorney Work Product Doctrine and Carry–Over Immunity: An Assessment of Their Justifications*, 47 U.Pitt.L.Rev. 675 (1986). Accordingly, we hold that the December 18, 1992 memorandum is protected from discovery pursuant to Rule 4003.3 because anticipation of litigation is not a prerequisite to the application of the work product doctrine as it pertains to the work product of attorneys acting in their professional capacity.

 The second document requested is the June 2, 1993 memorandum in which a DER attorney responded to a request for legal advice from a DER administrator. It is well settled that legal advice given by an attorney in his professional capacity in response to a client inquiry is immune from discovery on the basis of the attorney-client privilege pursuant to Rule 4003.1. *In re: Gartley*, 341 Pa.Superior Ct. 350, 491 A.2d 851 (1985), *affirmed sub nom, In re: Search Warrant B–21778*, 513 Pa. 429, 521 A.2d 422 (1987). Contrary to Petitioners' assertion, there is no exception to the attorney-client privilege for advice given by an attorney as part of the adjudicatory decision making process. While it is true that when an attorney is the decision-maker, as opposed to legal counsel giving advice to the decision-maker, the attorney-client privilege does not apply. *Okum, supra.* However, when the attorney merely gives legal advice to decision-makers, his advice can be rejected, so that it does not rise to the level of policy and retains its privileged nature. *Nittany Printing and Publishing Co., Inc. v. Centre County Board of Commissioners*, 156 Pa.Commonwealth Ct. 404, 627 A.2d 301 (1993). Because the June 2, 1993 memorandum was requested as legal advice of the DER attorney who prepared it, it is insulated from discovery under the attorney-client privilege.

Accordingly, Petitioners' motion to compel production of documents is denied.

## ORDER

AND NOW, this 17th day of February, 1994, Petitioners' motion to compel production of documents is denied.