**Lobolito Inc. v. North Pocono School District**

C.P. of Wayne County, no. 325-1996-civil.

*Guy Beneventano,* for plaintiff.
*William Rinaldi,* for defendant.

CONWAY, *J.,* January 11, 2001—Presently before this court is defendant's motion for protective and/or motion to quash notice of depositions as well as the plaintiff's motion to compel deposition testimony of Michael J. McGowan. Oral argument was held on December 15, 2000; however, neither party chose to file a brief in support of their position.

The relevant undisputed facts are as follows:

(1) On May 15, 1991, the parties entered into a joint development agreement to create a sewage treatment

plant to service the school district's proposed new school and Lobolito's proposed development.

(2) Lobolito then petitioned for Department of Environmental Protection approval.

(3) On December 7, 1994, the parties entered into a memorandum agreement, after the election of a new majority to the school board.

(4) The memorandum agreed to change the location of the sewage treatment plant, altered the financing arrangements of the JDA and revised the terms to the new school.

(5) The memorandum agreement terminated and replaced the JDA. (See *Lobolito Inc. v. North Pocono School District,* 722 A.2d 249, 250 n.1 (Pa. Commw. 1998) [not published here].)

(6) Approximately one year after execution of the memorandum agreement, the school district adopted a resolution promulgated by the successor school board which provided that the school would not be built and even if it were, the sewage treatment plant would not be used.

(7) The Supreme Court affirmed the granting of preliminary objections regarding the plaintiff's counts for breach of a contract and seeking lost profits, but ruled that Lobolito could proceed under an equitable theory of relief, promissory estoppel.

(8) Lobolito now seeks to depose the school board's past solicitors, Paul Walker, Esq., Richard S. Bishop, Esq. and Robert Mariani, Esq.

Pennsylvania Rule of Civil Procedure 4012 provides that "Upon motion by a party or by the person from whom discovery or deposition is sought, and for good cause

shown, the court may make any order which justice requires to protect a party or person from unreasonable annoyance, embarrassment, oppression, burden or expense . . . ."

Defendant alleges that the protective orders should be granted because the witnesses' information is protected by attorney-client privilege.

"The attorney-client privilege, however, does not bar all testimony by counsel concerning communications with a client or former client. *Panko v. Alessi,* 362 Pa. Super. 384, 524 A.2d 930, 932 (1987). It only bars discovery or testimony regarding confidential communications made by the client during the course of representation. *Id.* See also, *Garvey v. National Grange Mutual Insurance Co.,* 167 F.R.D. 391 (E.D. Pa. 1996) (holding that attorney-client privilege does not apply where documents at issue did not contain confidential communications from client)." *Birth Center v. St. Paul Companies Inc.,* 727 A.2d 1144, 1164 (Pa. Super. 1999).

Plaintiff also alleges that even if the attorney-client privilege is applicable, it should not apply to Mr. Mariani because he attended one of the subject meetings prior to being officially hired as the solicitor for the board. This court does not agree. The attorney-client privilege exists when an attorney acts in his professional capacity. *Sedat Inc. v. Department of Environmental Resources,* 163 Pa. Commw. 29, 641 A.2d 1243 (1994). A person who consults an attorney with a view to obtaining legal services is considered to be a client even if the employment is not accepted or the client chooses not to proceed. *Surface v. Bentz,* 228 Pa. 610, 77 A. 922 (1910). Presumably, Mr. Mariani attended this meeting in anticipation of being officially retained as solicitor and not for personal or civic

minded reasons. Therefore, this court believes that the attorney-client privilege does apply to Mr. Mariani as much as it does to the other solicitors.

As plaintiff claims that he seeks factual testimony from the witnesses and no evidence was presented regarding the questions to be asked nor to what extent the board's solicitors participated in the negotiations with Lobolito, this court does not believe that a motion to quash is appropriate.

"It is well settled that legal advice given by an attorney in his professional capacity in response to a client inquiry is immune from discovery on the basis of the attorney-client privilege pursuant to Rule 4003.1. *In re Gartley,* 344 Pa. Super. 350, 491 A.2d 851 (1985), *affirmed sub nom, In re Search Warrant B-21778,* 513 Pa. 429, 521 A.2d 422 (1987). Contrary to petitioners' assertion, there is no exception to the attorney-client privilege for advice given by an attorney as part of the adjudicatory decision-making process. While it is true that when an attorney is the decision-maker, as opposed to legal counsel giving advice to the decision-maker, the attorney-client privilege does not apply." *Okum v. Commonwealth, Unemployment Compensation Board of Review,* 77 Pa. Commw. 386, 465 A.2d 1324 (1983).

Defendant also argues that the Supreme Court's opinion makes the plaintiff's deposition irrelevant, however, what the opinion stated was that, "In the present case, the underlying facts set forth in the complaint provide for the possible recovery of damages based upon promissory estoppel . . . . In essence, Lobolito averred that, given its dealing with the school district since the 1991 joint development agreement, it relied on the board's promises and, to the detriment, expended substantial

money after the execution of the memorandum of agreement in proceeding with the STP [sewage treatment plant] project." Therefore, this court believes that the meetings surrounding the negotiations for both the joint development agreement and the memorandum agreement are relevant to the claim of promissory estoppel.

Next plaintiff asks this court for an order to compel further depositions of Michael J. McGowan. Mr. McGowan is a former board member who refused to answer questions at a deposition because they were "privileged." No one appeared on Mr. McGowan's behalf, nor was any answer received. This court sees no privilege applicable and agrees that the witness must answer.

Accordingly, this court makes the following:

## ORDER

And now, to wit, January 11, 2001, it is the order of this court that:

(1) Defendant's motion for protective order and for motion to quash notice of deposition is hereby denied.

(2) The discovery shall not include disclosure of the mental impressions, opinions, memoranda, notes or summaries, legal research or legal theories of the attorney. Any objections should be made at the time of deposition for this court's subsequent ruling.

(3) The plaintiff's motion to compel deposition testimony of Michael J. McGowan is granted. Mr. McGowan is directed to answer plaintiff's relevant deposition questions with respect to the formulation and adoption of the resolution and the subject matter of any private meetings held at his insurance office regarding same.