Robert DAGES, Appellant

v.

CARBON COUNTY.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 16, 2011.
Decided March 20, 2012.
Publication Ordered June 7, 2012.

---

Robert Dages, pro se.

Robert L. Knupp, Harrisburg, and Michael L. Ozalas, Jim Thorpe, for appellee.

## OPINION PER CURIAM.

Robert Dages (Dages) appeals *pro se* from the order of the Court of Common Pleas of Carbon County that affirmed the final determination of the Office of Open Records (OOR) that Carbon County (County) was not required to disclose the information requested by Dages. The issue in this appeal is whether "case law," referred to by the County Commissioner as authorizing the County's economic development project, known as the "Packerton Business Park Project" (Project), is protected from public disclosure by the attorney-client privilege and the attorney's work-product privilege or doctrine, under the Right–to–Know Law (Law), Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

The record reveals the following relevant facts. On September 23, 2010, Dages sent the chairperson of the County Board of Commissioners (Board) a letter, stating that the Commissioners had no authority to act as a developer on the Project and to compete with private business. Dages and other "Constitutionalists" demanded that the chairperson identify "case law" that he referred to at the previous Commissioners' meetings as authorizing the Project. Reproduced Record (R.R.) at 21. Dages asserted that "[c]ase law ... is a created marketing tool used ... by elitists ... to impose ideas which avoid the rule of Constitution and serve a very limited constituency." *Id.*

After the Board's chairperson denied his demand, Dages submitted a "Standard Right–to–Know Request Form" on November 18, 2010, requesting disclosure of the case law previously mentioned by the chairperson. The County's right-to-know officer denied Dages' request, stating that the requested information was not a public record subject to disclosure because it was

protected by the attorney-client privilege and the privilege of the attorney's work-product or work in progress. The officer also based the denial on the exemptions set forth in Section 708(b)(10)(i)(A) of the Law, 65 P.S. § 67.708(b)(10)(i)(A) (predecisional deliberations), Section 708(b)(17)(ii) (noncriminal investigative materials, notes, correspondence and reports) and Section 708(b)(17)(iv) (confidential information). Dages appealed the denial to the OOR.

Before the OOR, neither party requested a hearing. The appeals officer invited the County to file an affidavit setting forth facts relied on by the County in denying Dages' request. The County then submitted affidavits of the Board's chairperson, William O'Gurek, and the County solicitor, Michael L. Ozalas, Esquire, in which they made the following statements under a penalty of perjury. In June/July 2010, the Board's chairperson directed the County solicitor to perform legal research regarding the Project. The solicitor thereafter provided the chairperson his legal research result. The chairperson and the solicitor communicated confidentially in the course of seeking and providing the legal advice. They stated that the legal research was protected from disclosure by the attorney-client privilege and the privilege of the attorney's work-product or work in progress, which had not been waived.

■ In the final determination, the appeals officer determined that the sworn affidavits submitted by the County established that the requested case law was protected by the attorney-client privilege from disclosure. The trial court affirmed the OOR's final determination, concluding that the information was protected by the attorney-client privilege and also by the attorney's work-product privilege or doctrine. Dages' appeal to this Court followed.[1]

■ Dages challenges the OOR's determination that the requested "case law" was protected by the attorney-client privilege from disclosure and the trial court's conclusion that such information was also protected by the attorney's work-product privilege. Dages argues that the OOR and the trial court improperly relied on the self-serving and misleading affidavits submitted by the County to conclude that the requested information was privileged.[2]

■ The purpose of the Law is to promote access to official government information in order to prohibit secrecy, scrutinize public officials' actions and make them accountable for their actions. *Bowling v. Office of Open Records*, 990 A.2d 813 (Pa.

1. This Court conducts plenary review on the issue of whether the requested information constitutes a public record subject to disclosure. *Dep't of Corr. v. Office of Open Records*, 18 A.3d 429 (Pa.Cmwlth.2011).

2. Dages asserts that the privileges invoked by the County are "apparently a simple unlawful scheme created out of thin air to hide the fact that there is no lawful constitutional authority" for the Project. Dages' Brief at 17. He claims that the denial of his request for disclosure conflicts with the Pennsylvania Constitution, Article 1, Section 20 (providing that the citizens have "a right . . . to apply to those invested with the powers of government for redress of grievances or other proper pur-

poses, by petition, address or remonstrance") and Section 25 (declaring that "everything in this article [Article 1] is excepted out of the general powers of government and shall forever remain inviolate"). In so claiming, Dages concedes that the Law is "constitutional." Dages' Brief at 15. The Law provides an exclusive means for seeking redress for violations of the Law. *Guarrasi v. Scott*, 25 A.3d 394 (Pa.Cmwlth.2011). Consequently, the only issue in this statutory appeal proceeding is the propriety of the County's denial of Dages' request pursuant to the Law. The Pennsylvania Constitution provisions cited by Dages are, therefore, irrelevant to the issue in this appeal.

Cmwlth.2010), *appeal granted*, 609 Pa. 265, 15 A.3d 427 (2011). For that purpose, a local agency, such as the County, is required to disclose "public records." Section 302(a) of the Law, 65 P.S. § 67.302(a).

■ The Law defines a "record" as "[i]nformation, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency." Section 102 of the Law, 65 P.S. § 67.102. A "public record" is a record that (1) is not exempt from disclosure under Section 708 of the Law, (2) is not exempt from disclosure under any other federal or state law or regulation or judicial order or decrees, or (3) "is not protected by a privilege." *Id.* A record in possession of a local agency is presumed to be a "public record" subject to disclosure, unless it is, *inter alia,* "protected by a privilege." Section 305(a)(2) of the Law, 65 P.S. § 67.305(a)(2). A "privilege" is defined as "[t]he attorney-work product doctrine, the attorney-client privilege, the doctor-patient privilege, the speech and debate privilege or other privilege recognized by a court interpreting the laws of this Commonwealth." Section 102 of the Law. As a party appealing the denial of his request, Dages had the burden of establishing that the requested information constituted a public record subject to disclosure. *Office of the Governor v. Bari,* 20 A.3d 634 (Pa.Cmwlth.2011).

■ The attorney-client privilege that has deep historical roots in common law is designed "to foster confidence between attorney and client." *Nationwide Mut. Ins. Co. v. Fleming,* 924 A.2d 1259, 1263

(Pa.Super.2007), *aff'd by an equally divided court,* 605 Pa. 468, 992 A.2d 65 (2010). It recognizes that "full and frank communication between attorney and client is necessary for sound legal advocacy and advice, which serve the broader public interests of 'observance of law and administration of justice.'" *Id.* at 1264 [quoting *Upjohn Co. v. United States,* 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981)]. In Pennsylvania, the attorney-client privilege has been codified in Sections 5916 and 5928 of the Judicial Code, 42 Pa.C.S. §§ 5916 and 5928.[3] Under the Law, an agency may not exercise its discretion to release privileged information. Section 506(c)(2) of the Law, 65 P.S. § 67.506(c)(2); *Levy v. Senate of Pa.,* 34 A.3d 243 (Pa. Cmwlth.2011).

Previously, the following four elements were required to establish the attorney-client privilege: (1) that the asserted holder of the privilege is or sought to become a client; (2) that the person to whom the communication was made is a member of the bar of a court, or his or her subordinate; (3) that the communication relates to a fact of which the attorney was informed by the client, without the presence of strangers, for the purpose of securing an opinion of law, legal services or assistance in a legal matter; and, (4) that the claimed privilege has not been waived by the client. *Fleming.* In *Gillard v. AIG Ins. Co.,* 609 Pa. 65, 15 A.3d 44 (2011), the Pennsylvania Supreme Court expanded the attorney-client privilege by broadly construing Section 5928 of the Judicial Code. The Court held that "in Pennsylvania, the attorney-client privilege operates in a two-way fashion to protect confidential

**3.** Section 5928 of the Judicial Code provides that "[i]n a civil matter counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived upon the trial by the client." Section 5916 sets forth the same privilege applicable to a criminal proceeding.

client-to-attorney *or attorney-to-client* communications made for the purpose of obtaining or providing professional legal advice." *Id.* at 89, 15 A.3d at 59 (emphasis added). Consequently, the privilege now also protects the confidential communications made by an attorney to his or her client.

■ For the purpose of the attorney-client privilege, the County Commissioners were the County solicitor's clients. *See Bd. of Supervisors of Milford Twp. v. McGogney,* 13 A.3d 569 (Pa.Cmwlth.2011), *appeal denied,* 611 Pa. 644, 24 A.3d 364 (2011) (the township board of supervisors were the township solicitor's clients for the purpose of the attorney-client privilege). The affidavits submitted by the County established that the Board's chairperson asked the County solicitor to perform legal research on the Project. The solicitor then provided him legal advice based on his legal research result. In the course of seeking and providing legal advice, the Board's chairperson and the solicitor communicated confidentially. There is no indication in the record that the attorney-client privilege has been waived.

■ Under the Law, the appeals officer is required to "[r]eview all information filed relating to the request." Section 1102(2) of the Law, 65 P.S, § 67.1102(2).

The appeals officer "may hold a hearing" and "may admit into evidence testimony, evidence and documents that the appeals officer believes to be reasonably probative and relevant to an issue in dispute." *Id.* In this matter, Dages did not request a hearing and presented no evidence to rebut the County's evidence. The affidavits submitted by the County and considered by the appeals officer amply support the determinations of the appeals officer and the trial court that the case law requested by Dages was protected by the attorney-client privilege and, therefore, did not constitute a public record subject to disclosure under the Law.[4]

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 20th day of March, 2012, the order of the Court of Common Pleas of Carbon County in the above-captioned matter is AFFIRMED.

4. The trial court concluded that the information sought by Dages was also protected by the attorney's work-product doctrine. The doctrine, first set forth in *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), is closely related to the attorney-client privilege but is a broader concept. *Nat'l R.R. Passenger Corp. v. Fowler,* 788 A.2d 1053 (Pa.Cmwlth.2001). The doctrine protects any material prepared by the attorney "in anticipation of litigation," regardless of whether it is confidential. *Id.* at 1065. *Cf. Sedat, Inc. v. Dep't of Envtl. Res.,* 163 Pa. Cmwlth. 29, 641 A.2d 1243, 1245 (1994) (holding that the existence of a specific litigation was not a condition precedent to the application of the attorney's work-product doctrine). In Pennsylvania, the doctrine has been adopted in Rule 4003.3 of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 4003.3, which excludes from the scope of discovery "disclosure of the mental impressions of a party's attorney or his or her conclusions, opinions, memoranda, notes or summaries, legal research or legal theories." Because we have concluded that the requested information is not subject to disclosure under the attorney-client privilege, it is unnecessary to further consider the applicability of the attorney's work-product doctrine to this matter.