# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chambersburg Area School District :
                                      :
                v.                 :    No. 1358 C.D. 2013
                                        :
Maria Dorsey,                 :    Argued: June 16, 2014
                                        :
                 Appellant       :

BEFORE:    HONORABLE BERNARD L. McGINLEY, Judge
                       HONORABLE RENÉE COHN JUBELIRER, Judge
                       HONORABLE PATRICIA A. McCULLOUGH, Judge

**OPINION  BY**
**JUDGE COHN JUBELIRER**                 **FILED:  August 20, 2014**

       Maria Dorsey (Requester) appeals from two Orders of the Court of Common Pleas of the 39th Judicial District (Franklin County Branch) (trial court).[1]  By Order entered July 10, 2013, the trial court issued findings of fact and conclusions of law holding that the Chambersburg Area School District (District) was not required, pursuant to the Right to Know Law[2] (RTKL), to disclose 19 pages of emails to Requester because the emails were protected by attorney-client privilege, thereby reversing a Final Determination of the Office of Open Records (OOR).  By Order entered August 5, 2013, the trial court granted the District's Motion to Quash Requester's "Motion to Supplement the Record Pursuant to Pa. R.C.P.

---

[1] This matter was argued seriatim with Chambersburg Area School District v. Jason J.A. Reed (Pa. Cmwlth., No. 1359 C.D. 2013, filed August 20, 2014).

[2] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101 – 67.3104.

Rules 1017 and 1019" (Motion to Supplement the Record). Upon review, we affirm the July 10, 2013 Order and reverse the August 5, 2013 Order. In this case, almost two years after Requester's first RTKL request was made, the District provided 3,591 pages of additional records that were responsive to that request. Because we find that the trial court should not have quashed Requester's attempt to raise the issue of whether the District made a good faith attempt to respond to the RTKL requests, we remand for further proceedings.

## I. BACKGROUND

### A. Requester's RTKL Requests

This case has a long and storied history. On July 25, 2011, Requester filed a RTKL request (July RTKL Request) with the District seeking certain documents related to an afterschool program called the "Hip Hop Club," REACHUSA, Inc., and an individual named Jason Reed.[3] (Final Determination at 1, R.R. at 10a.)

---

[3] Requester sought the following documents:

1. All grant proposals and financial requests submitted by the Chambersburg Area School District or any other entity/ies or individual/s for the benefit of or involving the Chambersburg Area School District afterschool program or the "Hip Hop Club" or REACHUSA, Inc.; all responses to such proposals and requests by grantee(s); all responses to such proposals and requests by afterschool programming sponsor(s); and all responses to grantors and sponsors, regarding the grant proposals and financial requests, by Chambersburg Area School District between January 1, 2007 to present;
2. All records, including reports and financial records, between January 1, 2007 to present, involving the Chambersburg Area School District afterschool program, the "Hip Hop Club", REACHUSA, Inc. and all other programs involving the Chambersburg Area School District and Jason Reed;
3. All records, including reports and financial records, between January 1, 2007 to present, involving the Chambersburg Area School District afterschool program or the "Hip Hop Club" or REACHUSA, Inc. and all other programs involving the Chambersburg Area School District and Jason Reed;

*(Continued…)*

2

After requesting additional time to respond, the District's Open Records Officer, by letter dated September 1, 2011, granted, in part, and denied, in part, Requester's July RTKL Request. (Letter from District to Requester (September 1, 2011), R.R. at 40a.) The District provided Requester with three letters and a printout from its website of the agenda for the July 11, 2007 regular school board meeting. (Letter from District to Requester (September 1, 2011), R.R. at 40a.) The District declined to provide Requester access to certain emails, pursuant to Section 708(b)(17)(iv) of the RTKL,[4] because the documents were privileged attorney-client communications. (Letter from District to Requester (September 1, 2011), R.R. at 40a.) The District further advised Requester that she had a right to appeal its response within 15 business days; however, the District did not advise Requester as to where or with whom she should file her appeal. (Letter from District to Requester (September 1, 2011), R.R. at 40a.) By letter dated September 12, 2011, addressed to the District and the OOR, Requester sought to appeal the District's September 1, 2011 denial of the July RTKL Request. (District's Petition for Review, Ex. E, R.R. at 50a.) Requester included with this letter a signed OOR

---

4. All documentation submitted to any party between January 1, 2007 to present, by the Chambersburg Area School District or any other entity/ies or individual/s for the benefit of or involving the Chambersburg Area School District afterschool program, the "Hip Hop Club", REACHUSA, Inc. and all other programs involving the Chambersburg Area School District and Jason Reed; and

5. All records referencing or involving Jason Reed or REACHUSA, Inc..

(RTKL Request, R.R. at 6a.)

[4] 65 P.S. § 67.708(b)(17)(iv) (providing that "[a] record that includes information made confidential by law" is exempt from disclosure).

3

appeal form dated September 7, 2011. (District's Petition for Review, Ex. E, R.R. at 51a.)

On December 5, 2011, Requester filed a second RTKL Request with the District. (December RTKL Request, R.R. at 6a.) Therein, Requester stated that "[t]his is the same request originally made on July 25, 2011." (December RTKL Request (emphasis omitted), R.R. at 6a.) By letter dated December 12, 2011, the District's Open Records Officer requested thirty additional days to respond to the December RTKL Request. (Letter from District to Requester (December 12, 2011), R.R. at 7a.) However, the District did not respond.

**B. OOR Appeal**

On January 13, 2012, Requester filed an appeal with the OOR stating that the District failed to respond to her December RTKL Request as indicated in its December 12, 2011 letter. (OOR Appeal, R.R. at 3a.) The OOR invited Requester and the District to supplement the record. (Final Determination at 2, R.R. at 11a.)

The District filed a statement wherein it notified the OOR of Requester's July RTKL Request, its partial denial of that request, Requester's September 12, 2011 appeal of that denial, and Requester's identical December RTKL Request. (Letter from District to OOR (January 30, 2012), R.R. at 8a.) The District maintained that Requester's appeal from the deemed denial of the December RTKL Request should be dismissed: (1) because it was identical in every respect to the July RTKL Request; and (2) because the OOR did not respond to Requester's September 12, 2011 appeal, it was deemed denied and became a final determination of the OOR. (Letter from District to OOR (January 30, 2012), R.R.

4

at 8a.)  Thus, the District argued that the appeal was barred by the doctrines of res judicata and collateral estoppel.  (Letter from District to OOR (January 30, 2012), R.R. at 8a.)  The District further maintained that Requester's appeal was meritless because the District timely responded to the July RTKL Request and provided the responsive records that were not privileged attorney-client communications. (Letter from District to OOR (January 30, 2012), R.R. at 9a.)

The OOR issued a Final Determination on February 17, 2012, without conducting a hearing, granting Requester's appeal and requiring the District to disclose the emails.  The OOR rejected the District's contention that Requester's appeal was barred because her appeal from the District's denial of the July RTKL Request was deemed denied by the OOR's inaction.  The OOR found that it had no record of receiving the prior appeal and such an appeal was never docketed.  (Final Determination at 3, R.R. at 12a.)  The OOR acknowledged that the District provided a copy of an OOR appeal form completed by Requester dated September 7, 2011; however, the OOR noted that the District did not provide any evidence that the OOR received and docketed the alleged appeal or that the OOR informed the parties that it had received and docketed the appeal.  (Final Determination at 3-4, R.R. at 12a-13a.)  Thus, the OOR concluded that the purported appeal was not deemed denied.  (Final Determination at 4, R.R. at 13a.)  The OOR further concluded that, because the District did not argue that any of the requested records were exempt from disclosure, the District had not met its burden of proving that the records were exempt pursuant to the RTKL.  (Final Determination at 4, R.R. at 13a.)

5

## C. Trial Court Appeal/Proceedings

The District filed a petition for review with the trial court appealing the OOR's Final Determination.[5] (District's Petition for Review, R.R. at 24a-120a.) The District alleged, *inter alia*, that the requested emails were not public records because they were privileged attorney-client communications and otherwise protected by the attorney work product doctrine. (District's Petition for Review, R.R. at 25a.) In support of this assertion, the District attached an affidavit from its Open Records Officer setting forth which emails the District believed were privileged attorney-client communications. (District's Petition for Review, Ex. I, Affidavit of Sylvia Rockwood, R.R. at 119a.)

By order dated June 14, 2012, after a status conference and upon agreement of the parties, the trial court directed the District to produce all of the emails the District elected not to disclose based upon attorney-client privilege in-chambers for *in-camera* review.[6] (Trial Ct. Order, June 14, 2012, R.R. at 222a-23a.) By order

---

[5] A flurry of filings ensued after the District filed its petition for review. Requester filed preliminary objections (POs) to the petition for review and in response the District filed a motion to strike the POs. Requester also filed a motion to intervene, a motion to quash, and a motion to dismiss. By Order dated May 17, 2012, the trial court granted the District's motion to strike the POs, granted Requester's motion to intervene and denied Requester's motions to quash and dismiss. (Trial Ct. Memorandum and Order, May 17, 2012, R.R. at 193a-97a.) Requester also filed a "Response in Opposition to Petition for Review: Answer with New Matter and Counter-Petition" docketed June 29, 2012, to which the District filed a "Motion to Strike" docketed on July 16, 2012. Requester then filed a voluminous notice of opposition to the District's "Motion to Strike" on July 26, 2012.

[6] As this Court recently explained:

According to Black's Law Dictionary, *in camera* review or inspection is defined as "[a] trial judge's private consideration of evidence." Black's Law Dictionary 828 (9th ed. 2004). The term *in camera* means: "1. In the judge's private

*(Continued…)*

6

dated June 25, 2012,[7] the trial court stated that it had thoroughly reviewed the 19 pages of emails produced by the District for *in-camera* review and concluded that all of the documents were properly withheld as subject to privileged communication or attorney work product. (Trial Ct. Order, June 25, 2012, R.R. at 224a.) Accordingly, the trial court ordered that the District was not required to produce the documents. (Trial Ct. Order, June 25, 2012, R.R. at 224a.) On August 3, 2012, the trial court ordered that the District's June 14, 2012 transmittal letter and the 19 pages of emails attached thereto be filed with the trial court under seal. (Trial Ct. Order, August 3, 2012, R.R. at 473a-74a.)

### D. First Appeal to this Court

Requester appealed the trial court's June 25, 2012 order to this Court. In its opinion filed pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1925(a), the trial court stated that it did, in fact, err by entering the June 25, 2012 order because it failed to include findings of fact, conclusions of law, and an explanation for its decision. (Trial Ct. Op. at 7, September 12, 2012, R.R. at 518a.) Therefore, the trial court requested that this Court remand the matter for further proceedings. (Trial Ct. Op. at 8, September 12, 2012, R.R. at 518a.) By order dated October 31, 2012, this Court vacated the

---

chambers. 2. In a courtroom with all spectators excluded. 3. (Of a judicial action) taken when court is not in session-Also termed (in reference to the opinion of one judge) *in chambers*." Id. . . . .

Office of Open Records v. Center Township, ___ A.3d ___, ___ n.2 (Pa. Cmwlth., No. 522 M.D. 2013, filed June 24, 2014), slip op. at 2 n.2.

[7] This order was docketed on June 28, 2012.

trial court's June 25, 2012 order and remanded for findings of fact and conclusions of law.[8]  (See Chambersburg Area School District v. Dorsey (Pa. Cmwlth., No. 1445 C.D. 2012, filed October 31, 2012).)

### E. Proceedings in Trial Court after Remand

After this matter was remanded the District notified Requester, by letter dated April 29, 2013, that it had located additional public records/documents that were responsive to her December RTKL Request; therefore, the District provided Requester with a CD-ROM containing 3,591 pages of additional records.  (Letter from District to Requester (April 29, 2013), R.R. at 581a.)  On June 14, 2013, the District informed the trial court by letter that the reason for the delay in providing these additional documents to Requester was because the District's interim Open Records Officer had just discovered these documents when the District was conducting discovery in an unrelated federal case brought by Jason Reed against the District.  (Letter from District to Trial Court (June 14, 2013), R.R. at 582a-83a.)  The District further informed the trial court that it was anticipated that Requester would seek attorneys' fees and costs pursuant to Sections 1304 and 1305 of the RTKL;[9] however, the District stated that it did not willfully withhold the additional documents and that the documents were provided immediately upon discovery.  (Letter from District to Trial Court (June 14, 2013), R.R. at 582a-83a.)

---

[8] On remand, this matter was assigned to a different judge because the original judge had retired.  (Trial Ct. Order, March 25, 2013, R.R. at 575a.)

[9] 65 P.S. §§ 67.1304-67.1305.

The District further informed the trial court that it and Requester believed that the next step in this matter was for the trial court to issue findings of fact and conclusions of law in support of the June 25, 2012 order. (Letter from District to Trial Court (June 14, 2013), R.R. at 582a-83a.) In response to the District's June 14, 2013 letter and the parties concurrence that the trial court issue an opinion, the trial court issued an order dated June 24, 2013 cancelling a scheduling conference and stating that the next procedural step would be to issue findings of fact and conclusions of law. (Trial Ct. Order, June 24, 2013, R.R. at 584a.)

On July 5, 2013, Requester filed a Motion to Supplement the Record wherein she requested to supplement the record with evidence purporting to show the District's bad faith in connection with Requester's December RTKL Request because the District discovered additional responsive records almost two years after initially denying that request. The District filed a Motion to Quash, which the trial court granted by Order dated August 5, 2013.

On July 10, 2013, the trial court issued its opinion and order containing findings of fact, conclusions of law, and legal reasoning on the merits of the District's appeal from the OOR's Final Determination. Therein, the trial court found that the 19 pages of emails were exempt from disclosure because they were covered by attorney-client privilege. The trial court determined that the emails were communications between the District's employees and its solicitor for the purpose of obtaining legal advice. (Trial Ct. Op. at 4, July 10, 2013, R.R. at 637a.) The trial court further determined that the District did not waive attorney-client privilege. (Trial Ct. Op. at 3-4, July 10, 2013, R.R. at 636a-37a.)

9

On August 9, 2013, Requester filed a Motion for Reconsideration, Clarification, Determination of Finality and Supporting Memorandum of Law (Reconsideration Motion) seeking reconsideration of the trial court's July 10, 2013 and August 5, 2013 Orders. Therein, Requester requested that the trial court grant her sanctions and a civil penalty pursuant to Sections 1304 and 1305 of the RTKL. The trial court denied the Reconsideration Motion because it was filed six minutes before the deadline to reconsider the July 10, 2013 Order, Requester filed a notice of appeal two minutes after filing the Reconsideration Motion, and the trial court did not receive the docketed Reconsideration Motion until the next business day, which was August 12, 2013. (Trial Ct. Op. at 5, October 11, 2013, R.R. at 743a.)

Requester now appeals the trial court's July 10, 2013 and August 5, 2013 Orders (Orders) to this Court. The trial court has filed a Rule 1925(a) opinion in support of its Orders.

## II. ISSUES ON APPEAL

The issues[10] presented in this appeal are:

1. Whether the District waived attorney-client privilege;

2. Whether the trial court erred by reversing the OOR's Final Determination and finding that the District proved that the emails are not subject to disclosure because the documents are protected by attorney-client privilege;

---

[10] Requester raises five issues in the Statement of the Questions Involved portion of her principal brief and sets forth extensive argument in her principal and reply briefs filed with this Court. However, Requester's arguments do not coincide with the issues presented in the Statement of the Questions Involved. Thus, we have condensed the issues and gleaned Requester's arguments in support of these issues from both her principal and reply briefs.

10

3. Whether the trial court erred by quashing Requester's Motion to Supplement the Record; and

4. Whether the trial court erred by refusing to investigate Requester's claim of bad faith on the part of the District.

### A. Waiver of attorney-client privilege

### 1. Whether the District failed to preserve attorney-client privilege before the OOR

Requester first argues that the District waived attorney-client privilege by failing to raise the privilege before the record was closed before the OOR. Requester asserts that, because the OOR was the fact-finder, the District was required to raise attorney-client privilege as an exemption from disclosure before the OOR.

Initially, we clarify that the trial court, and not the OOR, was the fact-finder in this matter. As recently held by our Supreme Court, a reviewing court's "standard of review is *de novo* and . . . its scope of review is broad or plenary when it hears appeals from determinations made by appeals officers under the RTKL." Bowling v. Office of Open Records, 75 A.3d 453, 477 (Pa. 2013). As to factual disputes, the trial court may exercise functions of a fact-finder and has the discretion to rely upon the record created below or to create its own. Id. This Court recently held that "an agency must raise all its challenges before the fact-finder closes the record. This will allow efficient receipt of evidence from which facts may be found to resolve the challenges." Levy v. Senate of Pennsylvania, ___ A.3d ___, ___ (Pa. Cmwlth., No. 2222 C.D. 2010, filed June 16, 2014), slip op. at 8. We further held that where "the initial reviewing court must act as a fact-

11

finder," such as when it conducts an *in-camera* review of unredacted copies of the requested documents, "an agency must raise all its challenges before the close of evidence before the court." Id.

Here, the trial court acted as the fact-finder when it conducted the *in-camera* review of the 19 pages of emails. As the trial court indicates in its 1925(a) opinion in support of its Orders, the trial court needed to review the emails to make a determination as to whether the documents were privileged. In addition, while the OOR stated that the District did not argue that any of the requested records were exempt from disclosure, (Final Determination at, R.R. at 13a), the District raised attorney-client privilege before the OOR. In the information the District supplied to the OOR, the District maintained that Requester's appeal was meritless because the District timely responded to the July RTKL Request and provided the responsive records that were not privileged attorney-client communications. (Letter from District to OOR (January 30, 2012), R.R. at 9a.) The District also raised attorney-client privilege in its appeal to the trial court from the OOR's Final Determination. (District's Petition for Review, R.R. at 24a-120a.) Thus, the District did not waive attorney-client privilege as a reason for not disclosing the requested emails.

## 2. Whether violation of due process constitutes waiver of attorney-client privilege

Requester argues further that the failure to satisfy due process requirements prior to the *in-camera* review constitutes waiver of the attorney-client privilege. Requester contends that her due process rights were violated by the District's failure to produce a privilege log, resulting in the record not containing evidence to prove how the emails met the four-part privilege test, and by the lack of evidence

proving that Requester was on notice prior to the trial court's *in-camera* review of the items the trial court examined. Requester argues that there was no opportunity to oppose the *in-camera* review and there was no evidentiary hearing prior to the trial court's issuance of the July 10, 2013 Order.

The following four elements are required to establish the attorney-client privilege: (1) that the asserted holder of the privilege is or sought to become a client; (2) that the person to whom the communication was made is a member of the bar of a court, or his or her subordinate; (3) that the communication relates to a fact of which the attorney was informed by the client, without the presence of strangers, for the purpose of securing an opinion of law, legal services or assistance in a legal matter; and (4) that the claimed privilege has not been waived by the client. Dages v. Carbon County, 44 A.3d 89, 92 (Pa. Cmwlth. 2012). Pursuant to Section 708(a) of the RTKL, 65 P.S. § 67.708(a), the District was required to meet its burden that the requested emails were protected by attorney-client privilege by a preponderance of the evidence.

While a claim of attorney-client privilege can be denied if the party asserting it does not provide a privilege log *or explain its claim in any other way*, T.M. v. Elwyn, Inc., 950 A.2d 1050, 1063 (Pa. Super. 2008), a privilege log was not necessary in this case. First, the District set forth a description of the emails it was withholding in the affidavit of its Open Records Officer that it attached to its petition for review filed with the trial court. Second, the District stated that it was withholding all 19 pages of the emails based on an exception in the RTKL and it specifically notified Requester that the documents were exempt from disclosure

13

pursuant to attorney-client privilege. Therefore, the trial court did not err by not requiring the District to provide a privilege log.

Requester contends that, because the requested emails were not part of the record before the trial court conducted its *in-camera* review, the trial court erred by basing its decision upon evidence outside the record. However, it is undisputed that the District produced all 19 pages of the emails for *in-camera* review. The fact that the 19 pages of emails were not made part of the record, under seal, until after the trial court conducted the *in-camera* review appears harmless in light of the proceedings leading up to the review. The trial court states in its 1925(a) opinion in support of the Orders that Requester was on notice regarding the items that the trial court reviewed and the failure to file the emails of record and under seal was a mere oversight that was later rectified. (Trial Ct. Op. at 6, October 11, 2013, R.R. at 744a.) The trial court properly held that the fact "[t]hat the emails were not filed of record until after the Court issued its order is immaterial." (Trial Ct. Op. at 7, October 11, 2013, R.R. at 745a.) Moreover, based on the *in-camera* review of this evidence, the trial court set forth findings of fact and conclusions of law specifically addressing the four-part test and how the emails were protected by attorney-client privilege.

Finally, the record in this matter belies Requester's contention that she was not given the opportunity to oppose the *in-camera* review or request an evidentiary hearing. The record reflects that Requester was given such an opportunity. The record contains the trial court's June 14, 2012 order setting forth that, after a status conference, it was agreed by the parties that the District would produce, in-chambers, the withheld emails for the purposes of an *in-camera* review and that,

14

based on the parties' position statements, the trial court would "determine the need for an additional status conference, oral argument, evidentiary hearing, or other method(s) of proceeding." (Trial Ct. Order, June 14, 2012, R.R. at 222a-23a.)

Accordingly, because we conclude that Requester's due process rights were not violated, her argument that attorney-client privilege was waived on this basis is without merit.

**B. Whether the District proved attorney-client privilege**

Next, Requester argues that the trial court erred by reversing the OOR's Final Determination and finding that the District proved that the emails are not subject to disclosure because the documents are protected by attorney-client privilege. In support of this argument, Requester again asserts that the trial court's *in-camera* review of the 19 pages of emails was void of due process and pointless because the trial court did not require the District to provide a privilege log and the 19 pages of emails were not part of the record prior to the trial court's *in-camera* review. Requester argues further that the District also violated judicial protocol by not filing the documents with the prothonotary, but instead walking the documents directly to the trial judge. Finally, Requester asserts that the trial court further erred by not properly applying the four-part test in making a determination as to whether the attorney-client privilege applies and by holding that the District established all four parts.

As discussed previously, Requester's due process rights were not violated by the lack of a privilege log and the admission of the 19 emails into the record after the trial court conducted its *in-camera* review. Moreover, the trial court correctly

15

points out that it was not limited to the evidence presented to the OOR and that it was not restrained from conducting an *in-camera* review of the documents. (Trial Ct. Op. at 6-7, October 11, 2013, R.R. at 744a-45a (citing Bowling).) The trial court was permitted to conduct *in-camera* review of the 19 pages of emails to determine if the documents were protected from disclosure by attorney-client privilege. Bowling, 75 A.3d at 477.

In addition, Requester's argument that the District violated normal judicial procedure protocol by not filing the documents with the prothonotary and, instead, hand delivering the documents to the trial court's chambers is not consistent with the trial court's June 14, 2012 order. That order states that the parties agreed that the District would produce, *in-chambers*, the withheld emails for purposes of an *in-camera* review. By requiring that the documents be produced in-chambers rather than first filed with the prothonotary, the trial court protected the documents against possible inadvertent disclosure. As such, Requester's argument on this point must fail.

With respect to whether the District satisfied the four-part test set forth in Dages, Requester primarily focuses on the fourth element to reassert her argument that the District waived the privilege but, as stated previously, the District did not waive the privilege by failing to preserve it before the OOR and there was no waiver by the alleged failure to comply with due process requirements. The trial court reviewed each element and found that the test was met.

16

## C. Motion to Quash/Bad Faith

Next, Requester argues that the trial court erred by quashing her Motion to Supplement the Record and by refusing to investigate Requester's claim of bad faith on the part of the District. Requester asserts that the trial court's failure to permit Requester to include the 3,591 additional pages of documents in the record the District provided to Requester, by letter dated April 29, 2013, results in this case record being materially deficient. Requester asserts that the additional documents are relevant and probative in evaluating the existence of additional responsive records that the District has not disclosed and there is no support for the exclusion of this supplemental evidence. Requester contends that merely stating that additional responsive records do not exist is not enough. Even though the District's February 2012 sworn affidavit of its Open Records Officer states that no other responsive documents exist, its actions disavow the affidavit because the District later provided additional documents. Requester argues there can be no clearer instance of when a sworn affidavit has been untruthful. In light of the untruthfulness of the affidavit, credible evidence, in the form of the additional documents, of the falsity of such averments constitutes probative and relevant evidence. Requester asserts that the District clearly has unclean hands and the existence of the additional documents exhibits bad faith on the part of the District. Requester contends that she should be awarded attorneys' fees, costs, and a civil penalty pursuant to Sections 1304[11] and 1305(a) of the RTKL.[12]

---

[11] 65 P.S. § 67.1304. Section 1304 governs court costs and attorney fees and provides as follows:

(a)    Reversal of agency determination.--If a court reverses the final determination of the appeals officer or grants access to a record after a request for access was deemed denied, the court may award reasonable attorney fees and

*(Continued…)*

17

Here, the trial court characterizes Requester's Motion to Supplement the Record as an attempt to submit evidence of the District's bad faith into the record. The trial court denied the Motion to Supplement the Record, *inter alia*, because it viewed the only issue before the court to be whether the 19 pages of emails were protected by attorney-client privilege. The trial court also held that the areas of proposed supplementation were irrelevant because the evidence purportedly showed the District's bad faith in another action, which allegedly caused it to release the additional documents. (Trial Ct. Op. at 9-10, October 11, 2013, R.R. at 747a-48a.) However, from a review of what transpired in this matter, the trial court abused its discretion by quashing Requester's Motion to Supplement the

costs of litigation or an appropriate portion thereof to a requester if the court finds either of the following:

> (1) the agency receiving the original request willfully or with wanton disregard deprived the requester of access to a public record subject to access or otherwise acted in bad faith under the provisions of this act; or

> (2) the exemptions, exclusions or defenses asserted by the agency in its final determination were not based on a reasonable interpretation of law.

(b)     Sanctions for frivolous requests or appeals.--The court may award reasonable attorney fees and costs of litigation or an appropriate portion thereof to an agency or the requester if the court finds that the legal challenge under this chapter was frivolous.

(c)     Other sanctions.--Nothing in this act shall prohibit a court from imposing penalties and costs in accordance with applicable rules of court.

Id.

[12] 65 P.S. § 67.1305(a).  Section 1305(a) provides for a civil penalty of not more than $1,500 if access to a public record is denied in bad faith.

Record and refusing to investigate Requester's claim of bad faith on the part of the District.

Pursuant to Section 901 of the RTKL, the District was required to make a good faith effort to determine whether it had possession, custody or control of the requested documents. 65 P.S. § 67.901. The District advised the trial court by letter on June 14, 2013 that it had discovered the additional documents that were responsive to Requester's December RTKL Request. While the District eventually provided thousands of pages of additional documents that it believed fell within the scope of Requester's request, it was almost two years after Requester's initial July RTKL Request. The reason for the delay in providing the additional documents appears to be that the District discovered these documents when it was conducting discovery in an unrelated federal case brought by Jason Reed against the District, involving the same afterschool program, the "Hip Hop Club," which is the subject of the RTKL Request. (See Letter from District to Trial Court (June 14, 2013), R.R. at 582a-83a.)

In the June 14, 2013 letter, the District informed the trial court that its interim Open Records Officer discovered the additional documents and that it was anticipated that Requester would seek attorneys' fees and costs pursuant to Sections 1304 and 1305 of the RTKL; however, the District stated that it did not willfully withhold the documents and that the documents were provided immediately upon discovery. Notwithstanding that the issue of the District's compliance with the RTKL requirements was raised by the District, the trial court did not address whether the District made a good faith effort to locate the documents it later discovered or whether the District's delay in providing

19

Requester with these documents constituted bad faith on the part of the District. When an agency responds to a RTKL request, the requester and later, the adjudicators, rely on the agency's representation as to whether there are any responsive documents. In this case they did so, only to find out almost two years later that there were thousands of responsive documents that had not been discovered or provided to the Requester.

The additional documents were provided shortly before the trial court issued its determination in this matter and not as a result of complying with any duties of disclosure under the RTKL, but as a result of compliance with discovery requests in civil litigation. There is no indication why, with diligence, the District would not have been able to produce those documents in response to the RTKL requests the way they were able to in compliance with the discovery requests. Under these circumstances, the trial court should not have granted District's Motion to Quash and, instead, should have determined whether the District made a good faith effort in responding to the RTKL requests and, if not, whether Requester was entitled to penalties and costs in accordance with applicable rules of the court pursuant to Section 1304(c) of the RTKL or a civil penalty pursuant to Section 1305.

Thus, a remand is necessary for the trial court to reconsider Requester's Motion to Supplement the Record and to address whether the District did, in fact, make a good faith effort to locate the responsive records at the time Requester made her initial RTKL Request. We note, however, because the District was the prevailing party on the primary issue before the trial court, specifically, whether the 19 pages of emails were covered by attorney-client privilege, the trial court correctly held that Requester cannot secure an award of attorneys' fees and costs or

20

a civil penalty pursuant to Sections 1304 and 1305 of the RTKL based upon the District's denial of access to these records.

Accordingly, the trial court's July 10, 2013 Order denying Requester access to the 19 pages of emails that are exempt from disclosure based upon attorney-client privilege is affirmed. The trial court's August 5, 2013 Order granting the District's Motion to Quash Requester's Motion to Supplement the Record is reversed and this matter is remanded for the trial court to reconsider Requester's Motion to Supplement the Record and for a determination as to whether the District made a good faith effort to locate the responsive records at the time Requester made her initial RTKL Request.[13]

---

[13] Requester raises several other issues in her briefs that are not dispositive of this appeal or have been waived. First, Requester argues that the trial court and the District did not address the issue of whether the 19 pages of emails are protected by attorney work product. However, because we are upholding the trial court's July 10, 2013 Order finding that they are protected by attorney-client privilege, there is no need to address whether the requested documents are exempt because they constitute attorney work product.

Second, Requester baldly raises due process issues and other issues arising under the United States Constitution; however, these issues were not specifically raised in Requester's Rule 1925(b) Statement and the trial court did not address any constitutional issues. (Requester's Rule 1925(b) Statement, R.R. at 735a-36a.) Accordingly, these issues are waived. See Commonwealth v. Hill, 16 A.3d 484, 494 (Pa. 2011) ("any issues not raised in a Rule 1925(b) statement will be deemed waived").

Third, Requester argues that the trial court erred on remand by not addressing the issues initially raised by Requester in her first appeal to this Court at docket number 1445 C.D. 2012 after the June 25, 2012 order was vacated by this Court. Requester contends that the vacation of that order provided the trial court with a clean slate to resolve all issues raised by Requester, to reconsider its own rulings, and to consider facts and law not previously considered. However, Requester did not raise this alleged error by the trial court in her Rule 1925(b) Statement; therefore, the trial court offered no opinion on the scope of its remand and whether it erred by not addressing on remand all the issues raised by Requester in her first appeal to this Court. (Requester's Rule 1925(b) Statement, R.R. at 735a-36a.) In addition, when this Court vacated

*(Continued…)*

21

_____
**RENÉE COHN JUBELIRER, Judge**

the trial court's June 25, 2012 order and remanded this matter, our order did not direct the trial court to address all the issues raised by Requester in her appeal – the order simply reads that "the trial court's opinion in the above-captioned case is vacated and the matter is remanded for findings of fact and conclusions of law." Chambersburg Area School District v. Dorsey (Pa. Cmwlth., No. 1445 C.D. 2012, filed October 31, 2012). It is well-settled that where a case is remanded for a specific and limited purpose, "'issues not encompassed within the remand order'" may not be decided on remand. In re Independent School District Consisting of the Borough of Wheatland, 912 A.2d 903, 908 (Pa. Cmwlth. 2006) (quoting Budd Co. v. Workers' Compensation Appeal Board (Kan), 858 A.2d 170, 180 (Pa. Cmwlth. 2004)).

Finally, Requester argues in her reply brief that because the District in its brief did not challenge the numerous legal grounds, issues and authorities raised in her principal brief, the District has waived any challenge to these issues. This argument is without support – this is Requester's appeal and the District does not have to refute every issue raised by Requester in its responsive brief particularly where Requester has waived the issue in the first instance. In addition, Requester raises new issues in her reply brief in violation of Rule 2113 of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 2113, and this Court's February 21, 2014 order granting Requester leave to file a reply brief. There, we specifically directed that a reply brief could be filed "addressing issues raised in appellee's brief that were not previously addressed in appellant's brief." (Per Curiam Order, February 21, 2014.) Moreover, Requester's arguments in her reply brief contending that the District's brief violates the Pennsylvania Rules of Evidence and Rule 123(a) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 123(a), because the District states that certain issues raised by Requester should be stricken based on waiver are also without merit.

22

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chambersburg Area School District   :
                                :
            v.                :    No. 1358 C.D. 2013
                                  :
Maria Dorsey,                 :
                                  :
            Appellant     :

## O R D E R

**NOW**, August 20, 2014, it is hereby **ORDERED** as follows:

1. The Order of the Court of Common Pleas of the 39th Judicial District (Franklin County Branch) entered July 10, 2013 in the above-captioned matter is **AFFIRMED**.

2. The Order of the Court of Common Pleas of the 39th Judicial District (Franklin County Branch) entered August 5, 2013 in the above-captioned matter is **REVERSED**.

3. This matter is **REMANDED** for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

_____
**RENÉE COHN JUBELIRER, Judge**